UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
                                           *
Shane St. Onge,                            *
          Plaintiff,                       *
                                           *   Case No. 1:14-CV-00214-SM
                                           *   JURY TRIAL REQUESTED
     v.                                    *
                                           *
Town of Weare, et al.                      *
          Defendants.                      *
                                           *
                                           *
*******************************************

# EXHBIT C

Interrogatory Answers of Defendant Town of Weare (1, 4, 5, 7, 11, & 14)

17: The terms "incident" or "occurrence" shall mean the incidents which are subject of Plaintiff's complaint.

18: These interrogatories are continuing in nature and in the event you become aware of or acquire additional information relating thereto, such additional information is to be promptly produced.

19: In answering these Interrogatories you are required not only to furnish such information as you know of your personal knowledge but also information available to you, including, but not limited to, information that is in the possession of or has been obtained by your attorneys, agents, employees, servants, investigators, or any other person acting on your behalf.

20. If you cannot answer these Interrogatories in full after exercising due diligence to secure such information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions. To the extent you lack full knowledge and ability to answer completely any interrogatory, you are requested to provide the most complete response its available knowledge and information will permit and to list all sources known to it which could provide information with respect to such interrogatory.

21: If you assert the right to respond to any interrogatory by furnishing documents, it is requested for any such answer to designate specifically which documents you believe are responsive.

## II: INTERROGATORIES

## GENERAL OBJECTION TO DEFINITIONS & INSTRUCTIONS

**Defendant objects to the "Definitions and Instructions" section to the extent that it seeks to expand Defendant's obligations pursuant to F.R.C.P. 26 (b).**

1. As to Defendant Town of Weare, please identify the person or persons responding to these interrogatories and who participated in or assisted you with the preparation of your answers to these interrogatories, indicating the names, titles and addresses of each and every person involved in the answering of these interrogatories and attach hereto all documents related to this matter which you may possess or with reasonable exercise of diligence obtain.

**ANSWER:**

**Naomi Bolton**
**Sean Kelly**
**Assisted by counsel, Charles P. Bauer, Esquire.**

4

5.   As to Defendant Town of Weare, please describe each and every incident involving the use of force any Weare Police Officer has employed up to and including the use of deadly force against any civilian within the last 10 years while employed by the Weare Police Department including but not limited to, the use and deployment of soft and hard hand techniques, the use and deployment of OC spray, the use and deployment of the ASP Baton, the use and deployment of the Taser Stun Gun, the use and deployment of the department issued hand gun, the use and deployment of the department issued shot gun, the use and deployment of the department issued rifle, the use and deployment of any other personal safety weapon(s) whether authorized or unauthorized by the Weare Police Department, to include dates, times, places and persons involved or witnesses, proper use of force forms to be completed and filed under Weare Standard Operating Procedures, general or special orders applicable by whatever name known and under whatever title (hereinafter SOP's) upon using such force and attach hereto all documents in anyway related to your answer.

**ANSWER:**

**Objection:**

- Overly broad in terms of time and scope; and
- Not reasonably calculated to lead to the discovery of admissible evidence in this litigation - Federal Rules of Civil Procedure 26(b)(1).

Without waiving any objections, from January 1, 2007 through March 14, 2012, the Weare Police Department did not require the preparation and submission of a Use of Force Report separately from any related offense, incident or arrest report. To identify incidents when force was used by a Weare Police Officer would require hand pulling and reviewing every offense, incident and arrest, which would require hiring multiple officers on overtime or clerks that would first have to be vetted before being given access to confidential police records.

7. As to Defendant Town of Weare, please describe in detail ALL of the training history and experience of each and every officer who was involved in the arrest and prosecution of Shane St. Onge, including specialized training received from the Weare Police Department, The New Hampshire Police Standards and Training Council, The New Hampshire State Police or any other Law Enforcement or private agency and whether or not the any of these training certifications have ever lapsed including training involving the use of force, firearms instructor certifications, OC instructor certifications, ASP Baton Instructor certifications, Taser Instructor certifications, Shotgun Instructor certifications, Rifle Instructor certifications, and any remedial or yearly training these officers received to obtain the instructor qualifications in these areas, the length they have held these qualifications and whether the qualifications have lapsed, including these officers required yearly 8 hour use of force training for the past 6 years and attach hereto all documents in anyway related to your answer.

ANSWER: See response to Interrogatory Nos. 3 and 4 for Sgt. McSweeney.
See response to Interrogatory Nos. 4 and 5 for Officer Cox.

10

4. As to Defendant Town of Weare, please state during the last 10 years any time any Weare Police Officer was subject to any internal complaints or internal investigations involving the use of force, the identity of the complaining party(s), citizens or employees, any discipline imposed (whether formal or informal), written warnings, suspensions, demotions (whether voluntary or involuntary), medical leaves, administrative leaves, leaves of absences (whether voluntary or involuntary), terminations, whether the Town or the Police Department, all employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisers, accountants and all other persons or entities acting or purporting to act on their behalf initiated any of the aforementioned internal investigations and if no action or internal investigation was undertake please indicate the reasons why and attach hereto all documents in any related to your answer.

**ANSWER:**

**Objection:**
- **Overly broad in terms of time and scope; and**
- **Not reasonably calculated to lead to the discovery of admissible evidence in this litigation - Federal Rules of Civil Procedure 26(b)(1).**

With regard to the St. Onge incident, there was no internal complaint or internal investigation.

**Without waiving any objections, from January 1, 2007 through March 14, 2012, there were no internal investigations against Officer Cox and Sgt. McSweeney regarding use of force.**

7

11: As to Defendant Town of Weare, please indicate whether the Town or the Weare Police Department, all employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisers, accountants and all other persons or entities acting or purporting to act on their behalf where aware of Officer Cox's intimate contact and/or romantic relationship with any Town Employee to include any explorers or cadets, EMT, specifically relating to any hiring processes with the police department, of such present or former employee and what if any remedial disciplinary measures that the Town of the Police Department, all employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisers, accountants and all other persons or entities acting or purporting to act on their behalf   undertook against Officer Cox as a result of his romantic relationship   including but not limited the initiation of any internal investigations, any steps the Town or the Weare Police Department took to prevent Officer Cox's on-duty, non-work related contact with any such employee and if no action or internal investigation was undertake please indicate the reasons why and attach hereto all documents in anyway related to your answer.

**ANSWER:**

**Objection:**
- Not reasonably calculated to lead to the discovery of admissible evidence in this litigation - Federal Rules of Civil Procedure 26(b)(1);
- Frivolous and interposed for an improper purpose to harass and intimidate. Federal Rules of Civil Procedure 26(g)(1)(B)(ii);   NH Rules of Professional Conduct 3.1, 3.4(d), and 4.4(a), 8.4(a), (d), and (e); and RSA 91-A:5, IV; and NH Superior Court Rule 21(d)(1)(A).
- Privileged, confidential, private, personnel and personal information which would constitute an invasion of privacy – Federal Rules of Evidence 501; NH RSA 105:13-b "Confidentiality of Police Personnel Files"; RSA 91-A:5, IV;   and RSA 91-A:5, IV.

13

13: As to Defendant Town of Weare, please indicate whether the Town of the Weare Police Department, all employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisers, accountants and all other persons or entities acting or purporting to act on their behalf have any knowledge of what Officer Cox and Officer McSweeney told various officers and the police prosecutor about the video or the content of the video from Ivanjack concerning the plaintiff's arrest when asked while submitting their police reports for review and approval, the number, dates and times where videos have been seized by Weare Police from Ivanjack for investigation or prosecution of criminal acts, whether Cox and McSweeney told various employees that the video system was not turned on, malfunctioned or was destroyed and was not working during their encounter with the plaintiff, whether the video system was ever reviewed by Officer Cox, Officer McSweeney or any other law enforcement officer, and whether the video system was seized as evidence by Officer Cox, Officer McSweeney, or any other law enforcement office, if any attempts were made Officer Cox, Officer McSweeny or any other law enforcement officer to have the video system (DVD) sent to the New Hampshire Police State Forensic Laboratory for forensic analysis and enhancement capabilities, and if not please indicate the reason(s) why and attach hereto all documents in anyway related to your answer.

**ANSWER:** No; none.

14: As to Defendant Town of Weare, please describe in detail the Town's relationship with Brian Ivanjack and how long the Town has had a relationship of any nature with Brian Ivanjack, including any contractual relationships which the Town or Ivanjack has benefited from including but not limited to the number of years Ivanjack Tow service has been on the Weare Police Department tow rotation, whether Ivanjack and 77 motors currently remain on the Weare Police Department tow rotation, the maintenance and service completed by Ivanjack and 77 Motors on all Town of Weare equipment including vehicle maintenance for Weare Police Department cruisers and other town vehicles and attach hereto all documents in anyway related to your answer

**ANSWER:**

**Christine Ivinjack is an owner in the Route 77 business. Ms. Ivinjack is a member of the Weare Fire Department. She is an EMT/Fire Fighter and treasurer of the Weare Fire Association.**

**With regard to the towing rotation and servicing of vehicles, under the guidance of Chief Greg Begin, the majority of the time the cruisers were serviced by the Town of Weare Highway Department and Grappone Ford in Concord. If there were issues in the winter months or when the Highway Department was short on staff, Route 77 Motors did work on the cars. I'm unsure about the towing rotation.**

**Since the tenure of Sean Kelly as Interim Chief of Police, 77 Motors has not been on Weare PD's tow rotation list. All contracted vehicle maintenance not performed by the Weare Department of Public Works has been conducted by Marc Phillips Automotive Service on Renshaw Road in Weare.**

15